In the

# United States Court of Appeals
## For the Seventh Circuit

No. 16-4183

YEHUDA FRAGER,

*Plaintiff-Appellant,*

*v.*

INDIANAPOLIS COLTS, INC.,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:16-cv-00632-WTL-DML — **William T. Lawrence**, *Judge.*

ARGUED MAY 19, 2017 — DECIDED JUNE 22, 2017

Before WOOD, *Chief Judge*, and POSNER, and KANNE, *Circuit Judges*.

POSNER, *Circuit Judge*. The Indianapolis Colts (formerly the Baltimore Colts) are a professional football team—a member of the National Football League. In 2010 the Colts established an online marketplace for owners of season tickets to the Colts' games to transfer their season ticket rights upon payment of a fee equal to 30 percent of the sale price of the tickets. See Ticket News, "Indianapolis Colts and STR

Marketplace Sign Season Ticket Deal," July 12, 2010, http://dev.ticketnews.com/indianapolis-colts-and-str-market place-sign-season-ticket-deal/.

Yehuda Frager, the plaintiff in this diversity suit (governed by Indiana law) against the Colts for conversion, bought 94 season tickets in 2015. He believed that he would be able to renew those season tickets in 2016, and considers himself to be the rightful owner of 94 season tickets for the 2016 season as a consequence of his having purchased the 2015 season tickets. But the Colts refused to give him season tickets for 2016, precipitating this suit. He claims to own the tickets, that the Colts stole them from him ("converted" them, in polite legal language), and that he is entitled to be reimbursed by the Colts for his loss. The district judge, disagreeing, dismissed the plaintiff's suit, with prejudice.

The Colts argue that the season tickets that Frager obtained were revocable—by the Colts—with no duty of reimbursement. The Colts' contract with purchasers of tickets to its games states that "the Colts reserve the right[ ] … to reject any order, transfer, or renewal." Frager had purchased season tickets for the 2015 season and had requested their renewal for the 2016 season. And so he fell squarely within the Colts' right, that he'd agreed to by signing the contract, to reject ticket orders, transfers, and renewals.

Frager argues that while "the Colts are free to reject any transfer, … the season ticket holder continues to own those rights if the Colts do so." But a season-ticket holder has no right to future season tickets unless the Colts sold them that right in the first place, and the ticket contract forecloses that possibility.

Oddly enough, a 116-year-old opinion by Oliver Wendell Holmes Jr., *Emery v. Boston Terminal Co.*, 59 N.E. 763 (Mass. 1901), at that time Chief Justice of the Supreme Judicial Court of Massachusetts, demonstrates the flaw in Frager's argument. The plaintiffs in *Emery* had been tenants of a property that the defendant had obtained by exercising a power of eminent domain, but their lease had expired, and though there was reason to believe that the owner would renew it, that was not enough, Holmes said, to entitle the former tenants to compensation for the taking: "Changeable intentions are not an interest in land … . Even if such intentions added to the salable value of the lease, the addition would represent a speculation on a chance, not a legal right." *Id*. at 765.

And so it is here. Frager had a reasonable expectation that he'd be able to renew his season tickets for 2016. That purchasers of season tickets are willing to pay a 30 percent transfer fee in the online marketplace indicates that the expectation of renewal added to the salable value of season tickets, but given the wording of his contract with the Colts it was merely "a speculation on a chance, not a legal right."

AFFIRMED.